The appellant, Gregory Donald Floyd, was indicted in a two-count indictment for the offenses of sexual abuse in the first degree, Code of Ala. 1975, § 13A-6-66(a)(3), and sodomy in the first degree, § 13A-6-63(a)(1). He was convicted, after a jury trial, on both counts as charged in the indictment and was sentenced to 10 years' imprisonment on the conviction of sexual abuse and to life imprisonment on the conviction of sodomy.
The state's evidence showed the following, the victim, J.B., a five-year-old female, was spending the night in the appellant's house. Present in the appellant's house were the appellant; his wife, Shannon; their three young children, who were friends of J.B.; and J.B. The appellant was 25 years of age at the time of the incident. During the night, Shannon became ill and went to the hospital for emergency treatment, leaving the appellant with the children temporarily. According to J.B., some time that night, the appellant took her from the couch where she was sleeping and carried her to his couch, where he removed her pants and panties and then licked her vagina and put his finger in her vagina. J.B. testified that when the appellant inserted his finger into her vagina, it hurt and caused her to bleed. The next morning, she complained to Shannon and told Shannon what had happened. She was still bleeding. She was taken to the hospital for an examination. The doctor found a tear in her vaginal wall, and testified that it was consistent with an object such as a finger having been inserted into her vagina. J.B. also told the doctor and a police officer, Debbie Davis, what the appellant had done. J.B.'s clothing was collected from the appellant's residence, and blood stains were discovered on a pair of her panties and on her T-shirt.
The appellant did not testify; the only evidence he offered in his defense was a tape-recorded pretrial statement that he had made to the police in which he denied sexually abusing or sodomizing J.B. In addition to denying the charges in his pretial statement, he stated therein that he was awakened during the night by J.B.'s crying and screaming, and he observed that she was bleeding. The tape-recorded statement was played for the jury.
The appellant raises three issues on appeal.
 I.
The appellant first contends that the trial court committed reversible error by denying his motion for a judgment of acquittal made at the conclusion of the presentation of the state's case-in-chief on the ground that the state failed to prove a prima facie case of *Page 963 
sodomy in the first degree as charged in the indictment.[1]
Considering J.B.'s testimony, her bloodstained clothing, her timely complaints to the appellant's wife and to others, the ages of J.B. and the appellant, the appellant's position of authority over J.B., and the conclusions of the medical examination, we conclude that the state presented a prima facie case of sodomy in the first degree. The evidence was sufficient for a reasonable jury to find the appellant guilty of the crime charged beyond a reasonable doubt. The state's evidence, including the evidence of forcible compulsion, was sufficient for the trial court to submit the case to the jury. SeePowe v. State, 597 So.2d 721 (Ala. 1991). The trial court properly denied the motion for a judgment of acquittal as to the sodomy count.
 II.
The appellant next contends that the trial court erred in denying his motion for a judgment of acquittal based on the ground that the state failed to prove a prima facie case of sexual abuse in the first degree.
The appellant was charged in the sexual abuse count of the indictment with violating § 13A-6-66(a)(3), which states that a person commits sexual abuse in the first degree when "[h]e, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." Sexual contact is defined in § 13A-6-60(3), as follows: "Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Clearly the evidence presented by the state establishes a prima facie case of sexual abuse in the first degree under § 13A-6-66(a)(3). It is undisputed that the appellant was 25 years of age and that J.B. was 5 years of age at the time of the commission of the charged offense. J.B.'s testimony that the appellant inserted his finger into her vagina was sufficient to establish the element of sexual contact required by the statute. The testimony of the victim alone is sufficient to establish a prima facie case of sexual abuse. Jones v. State, 580 So.2d 97 (Ala.Cr.App. 1991). The evidence presented by the state was sufficient for a reasonable jury to find the appellant guilty of the crime of sexual abuse in the first degree as charged in the indictment beyond a reasonable doubt. The trial court's denial of the appellant's motion for a judgment of acquittal of the sexual abuse charge was correct.
 III.
Last, the appellant contends that the trial court committed reversible error in refusing to instruct the jury on forcible compulsion as an element of sodomy and in instructing the jury that forcible compulsion was not an element for it to consider.
The sodomy count of the indictment reads, in pertinent part, as follows:[2]
 "The Grand Jury of Calhoun County charge that . . . Gregory D. Floyd . . . did, on about, to wit, May 26th, 1992, engage in deviate intercourse with [J.B.] by forcible compulsion in violation of Section 13A-6-63 of the Alabama Criminal Code against the peace and dignity of the State of Alabama."
The trial court instructed the jury in reference to the sodomy count as follows:
 "A person 16 years of age or older commits the crime of sodomy in the first degree if he engages in deviate sexual intercourse with a person who is less than 12 years old. To convict, the state must prove beyond a reasonable doubt each of the following elements of sodomy in the first degree. One, that the defendant, Gregory Floyd, engaged in deviate sexual intercourse with [J.B.], and two, that [J.B.] was less than 12 years old at that time, and three, that Gregory Floyd was 16 years of age or older at that time. Deviate sexual intercourse means any act of sexual gratification *Page 964 
involving the sex organs of one person and the mouth or anus of [an]other."
No objections were made to the instructions before the jury retired to begin deliberations. After deliberating about an hour, the jury requested additional instructions. The record shows the following occurred:
 "THE COURT: They have asked two questions. One, 'What is the criteria of deviate sexual intercourse?' So I guess I'll just go back and define that again, and two, 'What is the definition of forcible compulsion?' I guess I'll just tell them that I didn't say anything about forcible compulsion because it's not an element.
 "MR. ADAMS [defense counsel]: I will object to it, Judge. He was not indicted under that Code section.
 "THE COURT: It wasn't delineated as far as the paragraph. It did say by forcible compulsion in the indictment.
 "MR. ADAMS: There is nothing in there that says anything about the other part.
 "MRS. JONES [prosecutor]: There is case law that says when a child and an adult [are] in a relationship that just the fact that the child is a child and the adult is an adult, it is implied force. That was under a rape case. That's how the court must read the case.
"MR. ADAMS: I don't know about that.
 "THE COURT: I think the defendant had plenty of notice that he was charged with having deviate sexual intercourse with a female under the age of twelve. That was the way I charged them and there was no exception to the charge. So, I'm just going to let them know that that's not an element as I charged them.
 "MR. ADAMS: Although he was indicted under that Code section? We object to you giving them another instruction on forcible compulsion at all.
 "MRS. JONES: What are you saying? You want it defined or not?
"MR. ADAMS: I don't want it redefined.
"THE COURT: I am not going to define it.
 "MR. ADAMS: But I want the judge to tell them now he wasn't going to tell them that it didn't apply in this case.
 "THE COURT: I did that — Well, I won't get into why I did that right now. Go ahead and bring them in.
"(Jury present.)
 "THE COURT: Let the record reflect everyone is back in the courtroom. I have two questions from the jury. I will go over the first one. 'What is the criteria of deviate sexual intercourse?'
". . . .
 "THE COURT: I will go back and read you the definition of deviate sexual intercourse. That's going to be the best that I can do.
 "Deviate sexual intercourse means any act of sexual gratification involving the sex organ of one person and the mouth or anus of another.
 "The second question is, 'What is the definition of forcible compulsion?' I did not define forcible compulsion to you in my charge because it is not necessary that you know the definition of forcible compulsion in this case. That is not an element in this case.
 "I will send you back with those definitions and instructions at this time."
We deem the issue preserved for review by timely objection to the instruction and by the fact that defense counsel raised the issue in a motion for a new trial. The issue was brought to the attention of the trial court before a verdict was returned and in time for the trial court to take corrective measures. Even assuming that this issue was not clearly preserved, we are required to reach it. See Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988).
It is clear in this case that the trial court failed, indeed it refused, to instruct the jury on an essential element of the charge, i.e., that the offense was committed by forcible compulsion. It is apparent that the trial court charged the jury under § 13A-6-63(a)(3) instead of § 13A-6-63(a)(1). *Page 965 
Art. I, § 8, of the Alabama Constitution, as amended,[3]
declares "[t]hat no person shall, for any indictable offense, be proceeded against criminally, by information," except in certain cases, within which this case does not fall. (Emphasis added.) This provision is unquestionably a constitutional guarantee to an accused of the right to demand an indictment in all cases other than those exceptions listed. Ex parte Young,611 So.2d 414 (Ala. 1992); Ross v. State; Williams v. State,61 Ala. 33 (1878); Kennedy v. State, 39 Ala. App. 676,107 So.2d 913 (1958). Indictable offenses are defined in § 15-8-2
as "[a]ll felonies and all misdemeanors originally prosecuted in the district court or circuit court. . . ." A felony is defined in § 13A-1-2(4) as "an offense for which a sentence to a term of imprisonment in excess of one year is authorized. . . ." The offenses charged in the instant case are indictable offenses and felonies. An accused is only required to meet the charge made against him in the indictment and need not defend against a distinct charge not included therein. Ex parteHightower, 443 So.2d 1272 (Ala. 1983); Tyson v. State,361 So.2d 1182 (Ala.Cr.App. 1978).
An indictment can be amended under certain limited circumstances; however, it cannot be amended to change the offense or to charge a new offense not contemplated by the original indictment. Ross v. State; Ala.R.Cr.P. 13.5.
The trial court's instructions relating to the sodomy count of the indictment in this case substantively modified and amended the indictment, by changing an essential element of the charged offense, which resulted in the jury's convicting the appellant of a crime not charged in the indictment. The instructions constituted a constructive amendment to the sodomy count, charging a new offense not contemplated by the original indictment. The instructions violated the appellant's constitutional right to be tried and convicted only on the charges presented in the indictment, were an impermissible amendment to the indictment, and constituted reversible error as to the sodomy conviction. It is beyond the province of a trial court to change the charging part of an indictment to suit its own notions of what the charge ought to have been or what the grand jury would probably have charged it if its attention had been called to the changes suggested by the court.
For the above reasons, the appellant's sodomy conviction must be reversed; however, his conviction for sexual abuse is due to be affirmed.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All Judges concur.
[1] Where an appellant's motion is couched in the language of a motion to exclude the state's evidence, this court we will consider it as a proper motion for a judgment of acquittal. See Ala.R.Cr.P. 20.
[2] Although the indictments are not in the record, the trial court read the indictments to the jury during his instructions; thus they are before us.
[3] Amend. 37.