Christopher Hampton was convicted of violating § 13A-11-200, Ala. Code 1975, which requires a convicted sex offender to register with the sheriff of the county of his or her residence. Hampton was sentenced as a habitual offender to 15 years' imprisonment. The trial court split the sentence, and ordered Hampton to serve 3 years' imprisonment and 5 years' probation.
 I.
Hampton argues that the original indictment was fatally defective because the indictment failed to state that he knowingly violated the statute; therefore, he says, the trial court was without jurisdiction to grant the State's motion to amend the indictment so as to add that element. We disagree.
A review of the indictment reflects that it correctly tracks the language of § 13A-11-200, Ala. Code 1975. The original indictment read:
 "The GRAND JURY of said county charge that, before the finding of this INDICTMENT, CHRISTOPHER C. HAMPTON, a/k/a Chris Hampton, whose name to the Grand Jury is otherwise unknown, having been convicted of the crime of Rape 2nd Degree (13A-6-62) in the Circuit Court of Marshall County, Alabama, Case Number CC-94-52, and having been released from legal custody did fail or refuse to register as required, in violation of Section 13A-11-200 of the Code of Alabama, 1975, as last amended, against the peace and dignity of the State of Alabama."
(C. 9.)
Section 13A-11-200, Ala. Code 1975, defines the offense of failing to register as a convicted sex offender as follows: *Page 567 
 "If any person . . . has heretofore been convicted, . . . for any of the offenses hereinafter enumerated, such person shall, upon his or her release from legal custody, register with the sheriff of the county of his or her legal residence within 30 days following such release. . . . The offense above referred to . . . shall include specifically: rape, as proscribed by Sections 13A-6-61 and 13A-6-62. . . ."
An indictment that tracks the language of the statute is legally sufficient, "`provided the statute prescribes with definiteness the constituents of the offense.'" Copeland v. State, 456 So.2d 1150, 1151
(Ala.Cr.App. 1984), quoting Ex parte Allred, 393 So.2d 1030, 1032 (Ala. 1980); see also Ex parte State of Alabama, 727 So.2d 893 (Ala.Cr.App. 1998); Duncan v. State, 624 So.2d 1084 (Ala.Cr.App. 1993). "In determining the sufficiency of an indictment substantially following the language of the statute, `the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense.'" Copeland, supra, quoting Hochman v. State, 265 Ala. 1,3, 91 So.2d 500 (1956); see also Thatch v. State, 432 So.2d 8
(Ala.Cr.App. 1983).
The indictment in this case tracked the language of § 13A-11-200, Ala. Code 1975, and was legally sufficient. In addition, the language in the indictment sufficiently apprised Hampton with reasonable certainty of the nature of the offense. See Copeland, supra; Thatch, supra.
 II. A.
Hampton argues that the Habitual Felony Offender Act should not have been applied in his case because, he says, failing to register as a convicted sex offender carries its own sentencing scheme and it is not classified as a felony.
The only reasonable construction of § 13A-11-200 is that the offense defined in that statute constitutes a Class C felony. See Nunneryv. State, 410 So.2d 444, 448 (Ala.Cr.App. 1981). Section 13A-5-6(a)(3), Ala. Code 1975, which prescribes the range of sentences for felonies, provides "[f]or a Class C felony, not more than 10 years or less than 1 year and 1 day." Section 13A-11-203, Ala. Code 1975, provides that the penalty for failing to register as a convicted sex offender is imprisonment for not less than one year and not more than five years. Thus, the offense of failing to register as a convicted sex offender can properly be classified as a Class C felony for purposes of the Habitual Felony Offender Act. Id.
 B.
Hampton further argues that the trial court erred by considering his two prior felony convictions for rape when it sentenced him as a habitual offender because, he argues, the convictions were essential elements of the offense of failure to register as a convicted sex offender. Hampton argues that enhancing a sentence imposed for failing to register as a convicted sex offender by using the prior sexual offense felony conviction is analogous to enhancing a sentence for first-degree escape with the felony that was the basis for the confinement from which the defendant escaped, which this court has said a trial court could not do.See Ringer v. State, 501 So.2d 493 (Ala.Cr.App. 1986). This is an issue of first impression in the State of Alabama insofar as it relates to § 13A-11-200, Ala. Code 1975. *Page 568 
In Ringer v. State, this court held that a prior felony conviction could not be used for enhancement under the Habitual Felony Offender Act when that felony was the basis for the confinement from which the accused escaped. This court noted that the legislature had made the prior felony a necessary element for a conviction of first-degree escape (escape from confinement imposed as a result of conviction of a felony). The legislature had also clearly directed that first-degree escape be punished as a Class B felony. Thus, this court concluded that to allow the prior felony to then be used to enhance the punishment under the Habitual Felony Offender Act would result in the elevation of first-degree escape to a Class A felony in every case. We held that such an outcome could not have been the intent of the legislature and that the felony could not be used again to enhance the punishment under that Code section. Hampton argues that the same rationale should apply for a conviction under §13A-6-62, Ala. Code 1975. We do not agree.
We believe the sentencing enhancement requirements for failing to register as a convicted sex offender are more analogous to the sentencing enhancement scheme discussed in Gholston v. State, 620 So.2d 719 (Ala. 1993). In Gholston, the Alabama Supreme Court determined that the crime of unlawful possession of a handgun by a person convicted of a crime of violence, § 13A-11-72(a), Ala. Code 1975, could be enhanced under the Habitual Felony Offender Act by a previous felony conviction for a crime of violence. In ascertaining the intent of the legislature, the Court noted that because a "crime of violence" was not synonymous with "felony" there could be situations where a criminal defendant could be convicted of unlawful possession and yet not be subjected to the Habitual Felony Offender Act. Therefore, the Ringer premise that the prior conviction used to prove the charged offense would always activate the Habitual Felony Offender Act was false. Because that premise did not apply to unlawful possession, the Court held that, given the clear legislative intent for a mandatory application of the Habitual Felony Offender Act when there was a prior felony conviction, the Ringer conclusion that the legislature did not intend the same conviction to be used both as a substantive element of the offense and for enhancement purposes was insupportable for this type of offense. Gholston v. State, 620 So.2d at 724.
The same rationale holds true for failing to register as a convicted sex offender. Section 13A-11-200, Ala. Code 1975, defines the type of sex offenses requiring registration as:
 "[G]enerally any act of sexual perversion involving a member of the same or the opposite sex, or any sexual abuse of any member of the same or the opposite sex or any attempt to commit any of these acts, and without limiting the generality of the above statement shall include specifically: rape, as proscribed by Sections 13A-6-61 and 13A-6-62; sodomy, as proscribed by Sections 13A-6-63 and 13A-6-64; sexual misconduct, as proscribed by Section 13A-6-65; indecent exposure, as proscribed by Section 13A-6-68; promoting prostitution in the first or second degree, as proscribed by Sections 13A-12-111 and 13A-12-112; obscenity, as proscribed by Section 13A-12-131; incest, as proscribed by Section 13A-13-3; or the attempt to commit any of the above offenses."
Thus, a "sex offense" is not always a "felony." It is the prior conviction for a sex offense that is an essential element of the failure to register as a convicted sex offender. That prior conviction may or may not activate the enhancement provisions of the Habitual Felony Offender Act. *Page 569 
Therefore, as in Gholston, we cannot say that the legislature did not intend the same conviction to be used both as a substantive element of the offense and for enhancement purposes.
 "The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala. Code 1975 (`In all cases when it is shown that a criminal defendant has been previously convicted of any
felony, . . . he must be punished as follows: . . .' (emphasis added)); see also Watson v. State, 392 So.2d 1274(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). Because a violation of [§ 13A-11-200] is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for [failure to register as a convicted sex offender] is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction, and we hold that the same prior conviction may be used to prove the prior conviction [of a sex offense] and to enhance the sentence under the Habitual Felony Offender Act."
Gholston v. State, 620 So.2d at 724-25. Hampton had two prior felony convictions for second-degree rape, § 13A-6-62. Second-degree rape is specifically listed as one of the sex offenses for which the offender must register under § 13A-11-200 and is a Class B felony. Therefore, the trial court correctly used those previous convictions, in addition to the previous felony conviction for distribution of a controlled substance, to sentence Hampton as a habitual felony offender with three prior felony convictions.
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.