The appellant, Tony Gamble Jr., was convicted of assault in the second degree, a violation of § 13A-6-21, Ala. Code 1975. Gamble was sentenced to 12 years in prison pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975. Gamble was ordered to pay restitution in the amount of $37,000, a $50 victims compensation assessment, and court costs.
On May 20, 1998, Robertino Taylor and a few of his friends were socializing on the front porch of a home located at 403 Flint Street in Mobile. At one point, Taylor left in his car to buy beer. On his way to the store, Taylor was stopped by Tony Gamble, Jr., a neighborhood acquaintance, who was walking toward Flint Street. Gamble asked Taylor to give him a ride and Taylor refused. After this brief encounter, Taylor drove to the store, bought his beer, and returned to 403 Flint Street to drink and talk with friends.
A short time later, Gamble walked up to the front porch of that home, and again asked Taylor to give him a ride. Once again Taylor refused and the two men exchanged words. Thereafter, Gamble hit Taylor in the side with a board he was carrying, and he stabbed Taylor once in the chest with his pocket-knife before fleeing the scene. Gamble was subsequently indicted for assault in the second degree and was convicted after a trial by jury.
On appeal, Gamble contends that the trial court committed reversible error in its oral charge to the jury defining assault in the second degree. The indictment charged Gamble with violating § 13A-6-21(a)(2), Ala. Code 1975. However, the trial court instructed the jury on assault in the second degree in violation of § 13A-6-21(a)(1), Ala. Code 1975. Gamble argued that this constituted reversible error. Section 13A-6-21 states, in pertinent part, the following:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
 "(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
 "(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
The State argues that Gamble has waived this issue on appeal because he failed to make a timely objection at trial. While it is true that Gamble failed to object to the incorrect instruction at trial, we are required to reach this issue because it involves the question of jurisdiction. See Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988) ("the [subject-matter] jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information"); McKinney v. State, *Page 1127 549 So.2d 166, 168 (Ala.Cr.App. 1989) ("[a] court's lack of subject-matter jurisdiction is fundamental, cannot be waived, and may be raised at any time").
In Floyd v. State, 659 So.2d 961, 962 (Ala.Cr.App. 1994), the appellant was charged in the indictment with sodomy in the first degree, a violation of § 13A-6-63(a)(1), Ala. Code 1975. At the close of the case, however, the trial court instructed the jury on the offense of sodomy in the first degree, a violation of §13A-6-63(a)(3), Ala. Code 1975. Id. at 964. This Court held in Floyd, that the trial court's instruction constituted an impermissible constructive amendment to the indictment and violated the defendant's constitutional right to be tried and convicted only on charges presented in the indictment. Id. at 965
The facts of this case are directly on point with the facts in Floyd. The single-count indictment in this case stated that Gamble
 "did with intent to cause physical injury to Robertino Taylor, cause physical injury to Robertino Taylor, by means of a deadly weapon or dangerous instrument, to wit: by stabbing him with an object that is otherwise unknown to this grand jury, in violation of § 13A-6-21 of the Code of Alabama. . . ."
In its instruction to the jury, the trial court stated:
 "This Defendant is charged with assault in the second degree. A person commits the offense of assault in the second degree if he causes serious physical injury to any person with the intent to cause serious physical injury to another person. To convict, the State must prove beyond a reasonable doubt each of the following elements of assault in the second degree: That the Defendant caused serious physical injury to any person and namely, in this case, Robertino Taylor, and, that the Defendant acted with the intent to cause serious physical injury to another person. `Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss of [sic] impairment of the function of a bodily organ. A person acts intentionally with respect to a result or to conduct when his or her purpose is to cause that result or to engage in that conduct. If you find from the evidence that the State has proved beyond a reasonable doubt each of the elements of the offense of assault in the second degree as charged, then you shall find the Defendant guilty of assault in the second degree."
The language in the indictment recites the law as stated in §13A-6-21(a)(2). The instruction given by the trial court, however, was an instruction based upon § 13A-6-21(a)(1), Ala. Code 1975. Consequently, the trial court never provided the jury with a correct instruction on the law as it pertains to the indicted offense.
We have previously noted that "[a]n accused is only required to meet the charge made against him in the indictment and need not defend against a distinct charge not included therein." See Floyd
659 So.2d at 965, citing Ex parte Hightower, 443 So.2d 1272
(Ala. 1983); Tyson v. State, 361 So.2d 1182 (Ala.Cr.App. 1978). Moreover, under Article I, § 8, Alabama Constitution of 1901, a criminal defendant has a right to be tried and convicted only on those charges presented in an indictment or an information. Thus, we find that the jury instruction in the present case violated the appellant's constitutional right to be tried and convicted only on the charges presented in the indictment, and the giving of that instruction was reversible error.
For the foregoing reasons, the appellant's conviction for assault in the second degree is reversed and the cause is remanded for proceedings consistent with this opinion. Based on our disposition of this issue, there is no need to address the appellant's other contentions of error.
REVERSED AND REMANDED. *Page 1128 
McMillan, Baschab, and Fry, JJ., concur. Long, P.J., dissents with opinion.