Christopher Hampton was convicted of violating § 13A-11-200, Ala. Code 1975, which requires a convicted sex offender to register with the sheriff of the county where he or she resides. Hampton was sentenced, as a habitual offender, to 15 years' imprisonment. The trial court split the sentence and ordered Hampton to serve 3 years in prison and 5 years on probation. Hampton appealed to the Court of Criminal Appeals. That court affirmed Hampton's conviction and his sentence. Hampton v. State,815 So.2d 565 (Ala.Crim.App. 1999). We reverse and remand.
Hampton argued to the Court of Criminal Appeals (1) that the indictment against him was fatally defective because it did not allege that he hadknowingly violated § 13A-11-200; (2) that the trial court did not have jurisdiction to modify the indictment to allege intent after he had filed a timely pretrial motion with regard to the fatally defective indictment; and (3) that the trial court had erred in considering previous sex-offense convictions when sentencing him as a habitual offender. The Court of Criminal Appeals rejected the first and third arguments, and, because it rejected the first one, it did not address the second one.
The Court of Criminal Appeals compared the indictment with the language of § 13A-11-200, Ala. Code 1975, and determined that the indictment tracked the language of that Code section and was legally sufficient. While we agree that the language of the indictment tracks the language of § 13A-11-200, we do not agree that it was legally sufficient.
The language of the original indictment was as follows:
 "The GRAND JURY of said county charge that, before the finding of this INDICTMENT, CHRISTOPHER C. HAMPTON, a/k/a Chris Hampton, whose name to the Grand Jury is otherwise unknown, having been convicted of the crime of Rape 2nd Degree (13A-6-62) in the Circuit Court of Marshall County, Alabama, Case Number CC-94-52, and having been released from legal custody did fail or refuse to register as required, in violation of section 13A-11-200 of the Code of Alabama, 1975, as last amended, against the peace and dignity of the State of Alabama."
Section 13A-11-200 reads:
 "If any person . . . has heretofore been convicted, . . . for any of the offenses hereinafter enumerated, such person shall, upon his or her release from legal custody, register with the sheriff of the county of his or her legal residence within 30 days following such release . . . . The offenses above referred to . . . shall include specifically: *Page 571 
 rape, as proscribed by Sections 13A-6-61 and 13A-6-62
. . . .
 ". . . It shall be unlawful for a convicted sex offender as described in this article to fail or refuse to register as herein required."
The Court of Criminal Appeals stated that language tracking the language of the particular statute was sufficient if the statute "`prescribes with definiteness the constituents of the offense.'" Hampton v. State,815 So.2d at 567 (quoting Copeland v. State, 456 So.2d 1150, 1151
(Ala.Crim.App. 1984), and Ex parte Allred, 393 So.2d 1030, 1032 (Ala. 1980)).
We agree that § 13A-11-200, Ala. Code 1975, sufficiently describes the requirements of registering as a sex offender and that it makes it unlawful for a sex offender to fail to register. However, by itself, it does not adequately list all the elements of the offense for which Hampton was charged and convicted. While § 13A-11-200, Ala. Code 1975, states that failure to comply with the statute is unlawful, it does not prescribe any penalty for such a failure. Section 13A-11-203
prescribes the penalty for violating § 13A-11-200:
 "Whoever willfully or knowingly violates Section 13A-11-200 shall upon conviction be imprisoned for not less than one year nor more than five years and in addition may be fined not more than $1,000.00."
(Emphasis added.) Hampton was sentenced in accordance with §13A-11-203.
We conclude, based upon the language of § 13A-11-200 and §13A-11-203, that intent is an element of the offense with which Hampton was charged and that the Court of Criminal Appeals erred in holding that the original indictment against him was not fatally defective. The Court of Criminal Appeals should have addressed Hampton's second argument, that the trial court was without jurisdiction to amend the indictment to cure the defect. It is unnecessary for us to address Hampton's argument concerning the use of the Habitual Felony Offender Act to enhance his sentence. This case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Maddox, Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.