On Remand From The Alabama Supreme Court
In Ex parte Hampton, 815 So.2d 569 (Ala. 2000), the Alabama Supreme Court remanded the case, holding that the original indictment issued against Christopher Hampton was fatally defective and stating that, therefore, this Court should have addressed the issue of whether the circuit court erred in permitting the State to amend the indictment.
Christopher Hampton, who had been released from custody following convictions for two counts of rape in the second degree, was charged with failing or refusing to register as a convicted sex offender, a violation of § 13A-11-200, Ala. Code 1975. Before trial, Hampton filed a motion to dismiss the indictment. In that motion, he alleged, in pertinent part:
 "The indictment in this case fails to contain the essential element of `knowingly.' The indictment purports to charge the Defendant with violating Code of Alabama, Title 13A-11-200. While the indictment in this case tracks the language of that statute, it fails to incorporate the knowledge element of Code of Alabama, Title 13A-11-203. This code section makes only the `willful' and `knowing' failure to register as a sex offender unlawful. The failure to so allege the knowledge requirement renders this indictment defective."
(C. 44.)
The State moved to amend the indictment, so as to charge that Hampton "did knowingly fail or refuse to register" as a convicted sex offender following his release from custody for prior rapes. The circuit court granted the State's motion, and denied Hampton's motion to dismiss the indictment. On the day of trial, Judge Gullahorn noted that another judge had allowed the State to amend the indictment, and had denied the motion to dismiss. Judge Gullahorn gave Hampton the opportunity to present further argument on the issue. At that time, defense counsel argued that the State could not insert an element of the offense by way of an amendment to an indictment. The court cited Rule 13.5(a), Alabama Rules of Criminal Procedure, granted the State's motion to amend, and denied Hampton's motion to dismiss. (R. 8.)
In Hampton v. State, 815 So.2d 565 (Ala.Crim.App. 1999), we held that the *Page 573 
original indictment was legally sufficient, because it tracked the language of § 13A-11-200, Ala. Code 1975, which we did not believe contained an intent element. On certiorari, the Alabama Supreme Court determined that, based on § 13A-11-200 and § 13A-11-203, which prescribes the penalty for "willfully or knowingly" violating §13A-11-200, the offense did have an intent element and the original indictment against Hampton was therefore defective. The Alabama Supreme Court held that this Court should have addressed whether the trial court erred when it permitted the amendment to the defective indictment. Exparte Hampton, supra. Having considered the law regarding amendments to indictments, we find no reversible error with regard to the amendment of the indictment.
In permitting the amendment, Judge Gullahorn cited Rule 13.5(a), Alabama Rules of Criminal Procedure, which states, in pertinent part, "The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
Rule 13.5, further provides:
"(c) Effect of Defect in Charge.
". . . .
 "(2) No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant on the merits."
The Committee Comments to Rule 13.5 state that Rule 13.5(c)(2) requires that a defect prejudice the defendant "before it will be fatal to a conviction."
The circuit court did not err when it permitted the State to amend the charge, because no additional or different offense was charged, and because none of Hampton's substantial rights were prejudiced. Furthermore, Hampton cannot, and does not, argue that he was prejudiced by the amendment of the indictment. In fact, in his motion to dismiss, Hampton stated, "While the indictment in this case tracks the language of that statute, it fails to incorporate the knowledge element of Code ofAlabama, Title 13A-11-203. This code section makes only the `willful' and `knowing' failure to register as a sex offender unlawful."
Clearly, Hampton was fully informed of the nature of the charge against him, and he was able to prepare his defense. Because the amendment did not charge an additional element or offense, and because there was no prejudice to any of Hampton's substantial rights, no reversible error occurred when the trial court permitted the State to amend the indictment. To the extent that Lambert v. City of Henagar, 659 So.2d 1029
(Ala.Crim.App. 1995), is inconsistent with our holding today, we overrule that case. Accord Charles E. Torcia, Wharton's Criminal Procedure § 271 (13th ed. 1990) ("An indictment, which is otherwise sufficient, may be amended to supply or correct an allegation relating to the defendant's intent or guilty knowledge." (Footnotes omitted.)).
Based on the foregoing, we affirm the judgment of the Circuit Court of Marshall County.
AFFIRMED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur. *Page 574