I believe that this case is distinguishable from Sullens v.State, 878 So.2d 1216 (Ala.Crim.App. 2003), an opinion in which Judge Cobb and I concurred in part and dissented in part, in that, here, the trial court constructively amended the indictment by charging the jury on the necessary culpable mental state. InSullens, the indictment did not allege, and the jury was not instructed on, any culpable mental state. The Alabama Supreme Court has held that a trial court's instructions to the jury may constitute an amendment to the indictment. See Ash v. State,843 So.2d 213 (Ala. 2002). See also Gamble v. State,758 So.2d 1125 (Ala.Crim.App. 1999); and Floyd v. State, 659 So.2d 961
(Ala.Crim.App. 1994). In Hampton v. State, 815 So.2d 571
(Ala.Crim.App. 2001), this Court held that an indictment, which is otherwise sufficient, may be amended, even without the consent of the defendant, to supply or correct an allegation relating to the defendant's intent or guilty knowledge. In the present case, the trial court instructed the jury that it could not convict the appellant unless it found that he had intended to shoot into the vehicle.[2] The record indicates that the appellant's defense centered on his argument that the gun had fired accidentally during a struggle. Based on an examination of the record and the briefs, it appears that the appellant cannot, and does not, argue that he was in any way prejudiced by the trial court's amendment of the indictment. The appellant was fully aware of the nature of the charge against him, and there is no indication that he was unable to prepare and present a defense. Because the amendment did not charge an additional or different offense, and because there was no prejudice to any of the appellant's substantial rights, no *Page 609 
reversible error occurred when the trial court constructively amended the indictment. Therefore, I concur in the result reached by the majority.
COBB, J., concurs.
[2] The appellant submitted several requested jury instructions on intent and knowledge. Those requested instructions were refused by the trial court.