WELCH, Judge.
After the two cases were consolidated for trial, Jerry Day Hayes was convicted of the first-degree robbery of Hanh Ha, in case no. CC-2007-3397, and was convicted of the first-degree robbery of Tammy Stewart in case no. CC-2007-3398. In both cases the indictment charged a violation of § 13A-8-41(a)(1), Ala.Code 1975. The circuit court sentenced Hayes to consecutive terms of life imprisonment without parole, ordered Hayes to pay a $50 assessment to the crime victims’ compensation fund, and assessed costs in both cases. Hayes gave oral notice of appeal immediately following sentencing, and he did not file a motion for a new trial. This appeal followed.
Hayes’s appointed counsel filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, upon our review of the record, we noticed an issue arguable on its merits that warranted further briefing.[1] In an order issued on April 29, 2010, we granted Hayes’s counsel’s motion to withdraw, appointed new counsel to represent Hayes, and requested that the parties file briefs addressing the following issue:
“[W]hether, in CC-07-3397 wherein the indictment charged the theft of a purse during a robbery, and the victim testified that only a debit card and cell phone were stolen, the trial court, over the objection of counsel, improperly amended the indictment and recharged the jury that one of the elements of the offense was theft of the debit card and cell phone.”
After considering the arguments presented by the parties, we conclude that the circuit court improperly denied Hayes’s motion for judgment of acquittal and erred when it subsequently amended the indictment to charge a new offense. Thus, in case no. CC-2007-3397, Hayes’s conviction for first-degree robbery must be reversed. We affirm his conviction and sentence in case no. CC-2007-3398.
In case no. CC-2007-3397, the indictment charged:
“The GRAND JURY of said County charge, that, before the finding of this indictment Jerry Day Hayes whose *488 name is to the Grand Jury otherwise unknown than as stated, did in the course of committing a theft of property to-wit: a purse and its contents, the property of Hanh Ha, threaten the imminent use of force against the person of Hanh Ha, with intent to compel acquiescence to the taking of or escaping with the property, while the said Jerry Hayes or another participant was armed or represented to a nonparticipant that he was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of § 1BA-8^11 (a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 12.)
Hanh Ha testified that she was a respiratory therapist at the University of South Alabama Hospital, in Mobile, Alabama. She had just parked her automobile in the parking lot, opened the door, and stepped out of the automobile, when Hayes rode up on a bicycle. He stopped in front of her, told her he had a gun, then ordered her to “Give me your purse or I’ll shoot you.” (R. 49.) Hayes threatened her once more, saying that he would kill her. He then reached into the front pocket of the “scrubs” she was wearing and took both her cellular telephone and a debit card. He did not steal a purse or its contents, or attempt to do so.
Hayes did not make a motion for a judgment of acquittal in either case at the close of the State’s case. He then rested without presenting any evidence on his behalf, and he did not make a motion for a judgment of acquittal at the close of all the evidence, prior to the charge conference. However, after the court’s initial charge to the jury, before the jury retired to begin deliberation, Hayes did move for a judgment of acquittal in case no. CC-2007-3397, which the circuit court denied, objected to the circuit court’s denial, and objected to the court’s further decision to recharge the jury and to amend the indictment by changing the description of the property stolen during the robbery of Hanh Ha from a “purse and its contents,” as set out in the indictment returned by the grand jury, to a “cell phone and a debit card.” (R2.27.)[2]
Hayes argues on appeal that the circuit court abused its discretion in case no. CC-2007-3397 by denying his motion for a judgment of acquittal and then amending the indictment over his objection. He further contends that there was a material variance between the proof of the property stolen during the robbery at trial and the description of the property alleged to have been stolen as described in the indictment.
The original oral charge to the jury included the following explanation of the offenses:
“Now, let me tell you what armed robbery is or Robbery in the 1st Degree. A person commits the crime of Robbery in the 1st Degree if in the course of committing a theft he uses or threatens the imminent use of force against the person or the owner of the property with the intent to overcome that person’s physical resistance or physical power of resistance and in doing so he’s armed with a deadly weapon.
*489 “So you’ve got to have the defendant, Jerry Hayes, committed a theft, a purse, a cell phone, a credit card,[3] that in the course of committing the theft the defendant used force against Hanh Ha, and/or Tammy Stewart, with the intent to overcome their physical resistance or physical power to resist or threatened force against the person with the intent to compel acquiescence to the taking of the property and that he was armed with a deadly weapon.”
(R2.21-22.)
During the charge, the jury was directed to retire, to elect one of their number as a foreman, and to wait until after the exhibits introduced into evidence were delivered to them before beginning deliberation. After the jury retired to elect the foreman, the following transpired.
“THE COURT: Any exceptions?
“MR. HICKMAN [the prosecutor]: No, sir.
“MR. SPECHALSKE [defense counsel]: Yes, Judge — well, the only real — it really isn’t an exception, Judge, because of the way we did this. I neglected at the close of the State’s case, since it was really kind of — I jumbled it. — ask for a motion of acquittal. And I do so now.
“Plus the fact that actually — and just as part of this, the evidence in this — my client pointed out, but I already saw that too, that Ms. Hanh, it said that a purse and its contents is what was stolen. And that was not—
“MR. HICKMAN: I picked up on that too, Your Honor—
“MR. SPECHALSKE: I’m just asking — I’m just asking—
“MR. HICKMAN: Are you done? I didn’t mean to interrupt you.
“MR. SPECHALSKE: I’m just asking for a motion of acquittal on that ground plus normal grounds that ....
“MR. HICKMAN: I believe that he has waived that defect in the indictment by failing to bring pretrial motion and by going ahead and trying the ease with the indictment as it is. I -will go look and see if I can find the Court of [sic] Rule, [sic] dealt with this in a long, long time.
“I want to go look at the Rules of Criminal Procedure. I think the Court has allowed to just say, look, it should — what was tried was the theft of the credit card — I mean, the debit card and the, whatchamacallit it, the cell phone.
“THE COURT: When I was reading it with them I said ‘choke.’ But should I instruct the jury that since the case was tried on the basis of — in the Hanh case, a credit card and cell phone, regardless of what the indictment says, it will be tried on that basis?
“MR. HICKMAN: Yes, sir.
“MR. SPECHALSKE: Judge—
“MR. HICKMAN: I’m sorry.
“I think that’s what the Court is supposed to do, but I can’t, for the life of me, pull the rule out of my head. It’s kind of like a civil case, you know, where—
“THE COURT: Sure.
“MR. HICKMAN: —we have issues tried by consent even though they’re not raised in a complaint or either they’re not raised by a defensive plea, it’s the same thing.
“THE COURT: Yes. I know that what you are doing is sort of amending to make it conform to the evidence.
*490 “MR. HICKMAN: Yes, sir. And the State so moves.
“THE COURT: I’m going to deny your motion, Mr. Spechalske.
“MR. SPECHALSKE: Yes, sir, Judge. “THE COURT: And I’m going to bring the jury out and tell them that all of the indictment reads this way. That that issue has been — well, I’m not going to say waived.
“The case has been tried where it was the credit card and the cell phone and that is the way it is to be taken.
“MR. SPECHALSKE: Judge, of course I’ll object to that.
“THE COURT: Sure.
“MR. HICKMAN: That State notes that the indictment should read credit card and cell phone.
“THE COURT: Okay. I’d like the jury to come back on out.
“(Wherein, the jurors enter the courtroom.)
“THE COURT: All right. If you noticed when I was reading the indictment on that Hanh Ha case, I said theft of property, to-wit: a purse and its contents. That is what this says, but the law is that if a case is tried and all this stuff is gone through, we’ve gone through all this stuff, when we know that the actual articles were a credit card and a cell phone, this is, in effect, amended to be that. Okay.
“It was something that would have had to been called to my attention long before we got this far. So that case is not about a person’s [sic] contents, but about [sic] cell phone and a credit card because that’s how it was tried.
“Okay. Now, that’s it. You can begin your deliberations. I think Sandy will bring you the materials and jfall can start doing what you’re going to do.
“(Wherein, the jurors exit the courtroom.)
“MR. SPECHALSKE: Judge, of course, I’m going to make an objection that that wasn’t specifically the law.
“THE COURT: Okay.
“MR. HICKMAN: Nothing from the State, Judge.
“THE COURT: You think that that corrects it?
“MR. HICKMAN: Yes, sir.”
(R2.26-28.)
The jury retired and, after deliberation, returned to the courtroom. Whereupon the verdict was read.
“THE COURT: .... Read the jury’s verdict in the Hanh Ha ease.
“MR. WRIGHT [jury foreperson]: We, the jury, find the defendant, Jerry Day Hayes, guilty of Robbery in the 1st Degree as charged in the indictment.”
(R2.31.)
However inartfully phrased, Hayes did move for a judgment of acquittal on the ground that there was a variance between the description of the property stolen — a purse and its contents — as set out in the original indictment and the testimony of Hanh Ha that completely different items — a cellular telephone and a debit card — were actually stolen. He contends that the court erred by not granting his motion for a judgment of acquittal and by subsequently amending the indictment in its supplemental charge to the jury.
Hayes was charged with first-degree robbery under § 13A-8-41(a)(l), Ala.Code 1975, which incorporates the elements of § 13A-8-43, Ala.Code 1975, which provides as follows:
“Robbery in the third degree.
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
*491 “(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
Therefore, theft of property, or the attempted theft of property, is an element of robbery. See Conner v. State, 955 So.2d 473, (Ala.Crim.App.2006).
Proof of the theft of certain property that varies from the description of the stolen property identified in the indictment is a fatal variance.
“ ‘The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.’ House [v. State], 380 So.2d [940] at 942 [ (Ala.Crim.App.1989) ]. ‘Not every variance is fatal. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Reviewing a claim of variance requires use of a two step analysis: (1) was there in fact a variance between the indictment and proof, and (2) was the variance prejudicial.’ United States v. McCrary, 699 F.2d 1308, 1310 (11th Cir. 1983). ‘The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to “affect the substantial rights” of the accused.’ Berger, 295 U.S. at 82, 55 S.Ct. at 630. ‘Variance from the indictment is not always prejudicial nor is prejudice assumed.’ United States v. Womack, 654 F.2d 1034, 1041 (5th Cir.1981), cert. denied, 454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 314 (1982). The determination of whether a variance affects the defense will have to be made based upon the facts of each case. United States v. Pearson, 667 F.2d 12, 15 (5th Cir.1982).”
Smith v. State, 551 So.2d 1161, 1168-69 (Ala.Crim.App.1989).
“The unified theft offense created by § 13A-8-2, [Ala.Code 1975,] while reducing the risk of variance between pleading and proof, did not, however, eliminate the necessity for considering such variances as they might pertain to the nature of the property alleged to have been unlawfully controlled.[1] Nothing in that section transposes ‘currency’ into a bank ‘check.’ And when in this case the charge involved ‘currency’ and the evidence established ‘checks,’ this was a fatal variance. See House v. State, 380 So.2d 940, 942-43 (Ala.1979).
Ex parte Airhart, 477 So. 2d 979, 980-81 (Ala. 1985).
“Section 15-8-90, Ala.Code 1975, provides: ‘An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described.’ Section 15 — 8—91 [, Ala.Code 1975,] continues: ‘If the defendant will not consent to such amendment of an indictment, the prosecution may be dismissed at any time before the jury retires as to the count in the indictment to which the variance applies, and the court may order anoth *492 er indictment to be preferred at a subsequent time.... ’ These statutes suggest that where there is a material variance, such as incorrectly describing a person (such as the victim) in the indictment, an amendment of the indictment is appropriate for a valid prosecution.
“In this case, the State made no attempt to amend or dismiss the indictment charging the armed robbery of Melanie Frazier and to reindict Verzone under a new indictment properly charging him with the armed robbery of Ju-liann Bradford. The State’s failure to do so resulted in a fatal variance between Verzone’s indictment and the proof presented at trial, and Verzone’s conviction under the original indictment is therefore void.
“We are persuaded that indicting Ver-zone for the armed robbery of Frazier, when the evidence at trial indicated that Bradford was the robbery victim, ‘expose[d] him to the danger of a second trial on the same charge’ for the robbery of Juliann Bradford. Ex parte A.T.M., 804 So.2d [171] at 173 [ (Ala.2000) ]. We therefore reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings consistent with this opinion.”
Ex parte Verzone, 868 So.2d 399, 402-03 (Ala.2003).
Although the State argues on appeal that no material variance existed, the cases cited by the State are inapposite. Hampton v. State, 815 So.2d 571 (Ala.Crim.App. 2001), held that an indictment may be amended during the trial court’s jury instructions to add a mens rea element when none is present in the statute defining the offense. Pace v. State, 652 So.2d 321 (Ala. Crim.App.1994), held that a variance between the description of the weapon used in a robbery in the indictment and the proof at trial resulted in no prejudice to the defendant because other counts in the indictment clearly informed the defendant that he was charged with shooting the victims with a pistol; thus, the discrepancy was not a material variance.
Hayes’s conviction for the first-degree robbery of Tammy Stewart in case no. CC-2007-3398 is affirmed. However, it appears that the trial court erred in amending the indictment over Hayes’s objection. Thus, because a fatal variance existed between the allegations in the indictment charging Hayes with the first-degree robbery of Hanh Ha in case no. CC-2007-3397 and the evidence presented at trial, we must reverse that conviction. ‘We note that based on Ex parte Wood, 564 So.2d 860 (Ala.1990), and State v. Saxton, 724 So.2d 77 (Ala.Crim.App.1998), it appears that the State may, if it so chooses, reindict [Hayes] for the first-degree robbery of [Hanh Ha].” Verzone v. State, 868 So.2d 406, 406 (Ala.Crim.App.2003) (opinion on remand from the Alabama Supreme Court).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.

. On September 29, 2009, we issued an order allowing Hayes to submit any additional issues or points to be considered on appeal. Hayes responded and argued that the judge incorrectly stated, in substance, that the law required him to sentence Hayes to life without parole under the Habitual Felony Offender Act and that that was error. Hayes’s argument is not well taken. Pursuant to § 13A-5-9(4), Ala.Code 1975, because Hayes had previously been convicted of a class A felony, the only sentence that the circuit court could impose in each case was life imprisonment without parole.

. The trial record up to and including the portion of the trial containing the charge conference is designated as "R.” The court reporter began sequentially numbering the trial transcript anew, beginning with a new page 1 after the court had conducted the charge conference. The court’s instruction concerning closing arguments, the closing arguments, the court’s oral charge, the motion for a judgment of acquittal, the objections to the amendment of the indictment in the court's subsequent charge, and sentencing will be designated "R2.”

. The testimony of Hanh Ha was that a debit card, not a credit card, was stolen; however, Hayes did not object on this ground.

"1 For example, if the indictment charged theft of an airplane and the proof showed theft of an automobile, a fatal variance would exist even though both articles of property are means of transportation. There is a similar material distinction between a bank check and a federal reserve note, even though each is a medium of exchange.”