■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD E. PALEN, Appellant.— Appeal by the defendant from a judgment of the County Court of Rensselaer County rendered upon a verdict convicting him of grand larceny, first degree and following the filing of an information charging him with having been previously convicted, sentencing him to an indeterminate term in Clinton Prison of not less than 10 nor more than 20 years. The defendant did not testify and the only testimony as to what occurred at the time of the alleged larceny came from the complaining witness, one William Leicher. It appears that at about 4 o'clock on the morning of June 4, 1954 Leicher was awakened from a drunken slumber on a park bench in the City of Troy by the defendant, whom he had never seen before, and taken to the defendant's home where he was allowed to sleep until morning. Upon being again awakened he and the defendant went to pick up a check which Leicher was expecting from the Veterans' Administration. There was contradiction as to whether Leicher or the defendant first mentioned the check. As it turned out, there were two checks awaiting Leicher, one for $529.20 and the other for $3,792. The two men then proceeded to the Manufacturers National Bank where the smaller check was cashed and the larger check deposited in the defendant's account. The indictment under which the defendant was tried charged him with grand larceny in the first degree committed by taking $4,321 in United States currency from Leicher with the intent to deprive him thereof and to appropriate it to his own use. The defendant-appellant contends that error was committed in permitting testimony tending to show that the theft was accomplished by false pretenses; that the conduct of the District Attorney was prejudiced, and that it was error to permit a wallet, allegedly belonging to the defendant to be introduced into evidence. The essential question concerns section 1290-a of the Penal Law, as to whether the testimony pertaining to false pretenses was received in disregard of the mandate of that statute. That section insofar as pertinent here reads as follows: " If, however, the defendant made use of any false or fraudulent representation or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representation or pretense, and it shall be immaterial whether the theft may have been previously denominated common law larceny by asportation, common law larceny by trick and device, obtaining property by false pretenses or embezzlement." The indictment here made no mention of any false representation or pretense. The People point to the case of *People* v. *Lobel* (298 N. Y. 243) which stated that the false pretense need only be alleged in the indictment when the larceny is " effected " by false pretenses. As section 1290-a was passed in 1942 (L. 1942, ch. 732), it contained the phrase " theft was effected by means of "; this was changed by chapter 149 of the Laws of 1950 and the words " defendant made use of " were substituted. Thus, as the section now reads, if a defendant makes use of any false representations or pretenses in accomplishing, in aid of or in facilitating the theft, evidence of same, cannot be received unless the indictment alleges such representations or pretenses. The People also argue that section 1290-a does not apply here in that the complainant parted with his money voluntarily and at his own suggestion. It is clear, however, that the question of false pretenses is primarily involved when the owner does part voluntarily with his property. In the *Lobel* case (*supra*) decided before the word " effected " was

removed from section 1290-a, the court held that evidence of false pretenses was properly admitted because the property had been taken without the owner's consent and the property was therefore not parted with in reliance on the misrepresentation. More recently in *People* v. *Ramistella* (306 N. Y. 379, 385) the Court of Appeals said: "Inasmuch as the fifth count alleges no false representations, and since it is undisputed that Joseph La Perla *voluntarily* parted with possession of the cash and check, section 1290-a of the Penal Law, as to 'Pleading and proof', would be applicable to this case". The court went on to say that the defendant there could not claim the benefit of the section because he had not objected when the evidence of false representations was offered. The defendant here has certainly not waived his right inasmuch as the record is replete with his objections to such evidence. Thus the question presented here is whether any such false representations or pretenses which the defendant used in accomplishing the theft were introduced. It seems that they clearly were. There was first the statement which the defendant made to Leicher that he had an account of $6,000 in the bank when in fact his account was only $2.50. Leicher several times testified the reason he gave the checks to the defendant was because he trusted him and the defendant had an account at the bank. On one such occasion he said, "He was supposed to have a bank account there and I trusted in him". This was clearly a false representation and the testimony concerning it should have been excluded. When testifying as to what occurred in the bank Leicher stated that as to the larger check he told the defendant he wanted to leave it in the bank for safekeeping. He said the defendant then went back and spoke to the teller. The defendant then returned and told Leicher, "you can leave this for safekeeping", Leicher signed the check, the defendant turned it over to the teller and they left the bank. The defendant had deposited the check in his own account. It is obvious that he never spoke to the teller about leaving the check there for safekeeping and that the teller never said such an arrangement was all right. Thus the evidence as to these false representations or pretenses should never have been admitted at the trial and require reversal. The other alleged errors were not such as to affect the defendant's substantial rights and would not require reversal. It should be noted that this defendant may be retried on a new indictment alleging a false pretense. Such an indictment would not be subject to dismissal on the ground that it placed him twice in jeopardy for the same offense (N. Y. Const., art. I, § 6; Code Crim. Pro., § 9; see *People* v. *Ercole,* 4 N Y 2d 617). And also where the indictment charges theft of money, and theft of a check is shown, or the opposite, no fatal variance occurs (*People* v. *Dimick,* 107 N. Y. 13; *People* v. *Lammerts,* 164 N. Y. 137). Judgment of conviction reversed and a new trial ordered. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.