Froessel, J.
Defendant was convicted of grand larceny in the first degree, and sentenced as a prior felony offender to imprisonment for not less than 10 nor more than 20 years. The Appellate Division reversed upon the law alone, and ordered a new trial. The only question before us on this appeal is whether the trial court — over the repeated objections of the defense — improperly received evidence of false or fraudulent representations or pretenses, in violation of section 1290-a of the Penal Law.
In 1942 (L. 1942, ch. 732), the Legislature abolished “the subtle and confusing distinctions that had previously differentiated the various types of theft ” (People v. Karp, 298 N. Y. 213, 216). The 1950 amendment (L. 1950, ch. 149) of section 1290-a made it perfectly clear that the Legislature did not intend to preserve these distinctions for the purpose of determining whether false or fraudulent representations or pretenses *109 had to be pleaded in the indictment (see New York State Legislative Annual, 1950, pp. 54-55; Judge Fuld’s dissenting opinion in People v. Lobel, 298 N. Y. 243, decided under former § 1290-a). This amendment unequivocally provided that the necessity for alleging false representations in the indictment was not limited to thefts previously prosecuted under the label “ obtaining property by false pretenses ”, but encompassed every case in which the defendant “made use of any false or fraudulent representation or pretence, in the course of accomplishing, or in aid of, or in facilitating the theft
In the instant case, the defendant “made use of” at least two false representations “in the course of accomplishing, or in aid of, or in facilitating the theft ’ ’, neither of which representations was alleged in the indictment, and evidence of which was improperly received over the repeated objections of defendant’s attorney. Hence the conviction was properly reversed and a new trial ordered, and it is now incumbent upon the People to ‘ ‘ determine whether to retry the case on the present indictment— and desist from offering proof of false representation — or to seek a new indictment alleging the essential false representation and pretense ” (dissenting opinion in People v. Lobel, supra, p. 262). As the Appellate Division correctly noted in this connection, a new indictment would not be subject to dismissal on the ground of double jeopardy (People v. Ercole, 4 N Y 2d 617).
The order appealed from should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Order affirmed.