Petitioner, Kenneth Houston Wood, was convicted of theft by deception, Code 1975, § 13A-8-3, of a $3,281.44 check, the property of Trinity Insurance Company of Kansas, Inc. ("Trinity"), and was sentenced to five years' imprisonment and was ordered to pay $3,281.44 in restitution. The Court of Criminal Appeals affirmed, without an opinion. 550 So.2d 1096. We reverse and remand. *Page 861 
The issues are (1) whether Wood was subjected to double jeopardy when he was tried on a second indictment charging theft of a check by deception, when the original indictment on which he was tried had charged a theft of currency and (2) whether the trial court erred by not charging the jury that Wood could not be found guilty of theft by deception if the evidence did not prove beyond a reasonable doubt that he did not honestly believe that he had a claim to the property.
Wood owned a 1980 Lincoln Mark IV automobile; he insured the vehicle with Trinity against loss or damage by collision and other perils. He secured the insurance through Rex Powell Insurance Agency. Rufus Terrell Andrews, Jr., was listed as an insured driver as an employee of Wood.
About five or six weeks before November 18, 1985, Wood lent the vehicle to Andrews. Approximately two weeks prior to November 18, 1985, Andrews damaged the vehicle in two separate accidents. First, Andrews drove the vehicle off a road and into a ditch, knocking the front bumper off the vehicle; in the second accident the vehicle collided with a carport, causing additional damage to the front end of the vehicle. The exact date of each accident is uncertain. Andrews testified that he and his father repaired the bumper after the first accident and that he did not tell Wood about his having driven the vehicle into the ditch until after December 30, 1985. Wood testified that he did not discover that the car had been damaged until the last of October or early November. After learning of the damage from Andrews' brother, Wood contacted his insurance agent about the claim, and they resolved to attend to the matter when Wood got the vehicle back from Andrews. However, on November 18, 1985, Andrews was involved in a third accident, which involved a collision with an FBI vehicle. This accident occurred when FBI agents blocked the path of Andrews's vehicle as he was attempting to escape a drug-related arrest. The FBI agent testified that the bumper of the vehicle was dislodged in the collision. The vehicle was seized by the FBI, and on December 20, 1985, Wood signed an agreement, which held the FBI harmless for the damage, and reclaimed possession of the vehicle. Andrews also testified, after viewing photographs of the vehicle after the collision with the FBI vehicle, that the damage on the vehicle was caused by his collision with the FBI vehicle and not by the other accidents.
On December 30, 1985, Wood filed a claim with his insurance agent, Reggie Powell. Powell testified that Wood told him that the vehicle was damaged when Andrews collided with a carport and that Wood informed him that the accident occurred approximately December 15, 1985. Wood testified that he was told about the first accident by Andrews's brother and that he told Powell that he did not know precisely what date the accident occurred and that Powell assured him that any date would suffice.
The insurance adjuster, Ronnie Kilgore, testified that he saw the vehicle on or about January 2, 1986, and observed that the bumper was not on the vehicle and that the vehicle had damage to both front fenders. On January 9, 1986, Wood signed an unsworn proof of loss statement, which stated that the loss did not originate by any act, design, or procurement on the part of the insured and that no material fact had been withheld from the insurer. Thereafter, Wood received a check from Trinity in the amount of $3,281.44 for the damage to the vehicle. Kilgore also testified that intentional damage by the insured would not have been paid; that if the accident had happened in November, the collision coverage would have paid the claim if the damage was not intentional; and that, given a hypothetical case similar to the accident involving the FBI vehicle, the claim would not have been paid, under the terms of the policy.
An employee of the body shop that repaired the vehicle testified that Wood paid for the repairs in January 1986 and that he came back a month or two later to the shop and requested a copy of the repair estimate. Wood denied that he went back to the body shop to get the estimate after the repairs had been made. *Page 862 
Wood testified that he did not intend to cheat the insurance company. Wood stated:
 "I just wanted my car from the first wreck is all I wanted. Is my car repaired and my car returned to me in the same condition that it was in. And my insurance was in force and the car was covered under the insurance policy. I wasn't defrauding nobody of nothing that wasn't rightfully mine. I mean the car was mine, it was wrecked, I wanted the car repair[ed] and gave back to me. That's all I ever wanted."
In August 1987, Wood was tried under an indictment that charged him with theft by deception, specifically the theft of $3,281.44 from Trinity. The trial court granted Wood's motion for acquittal on the ground of a fatal variance, because the evidence at trial proved the theft of a check and not or currency. Wood was re-indicted for "theft by deception of a check, draft, or commercial instrument, the property of Trinity Insurance Company." Wood raised the defense of former jeopardy, and moved for dismissal, which the trial court denied. In September 1988, Wood was convicted by a Covington County jury of theft by deception.
 I.
Wood argues that he has been placed in double jeopardy by being put to trial under the second indictment. We disagree.
In reviewing double jeopardy claims, the identity of the offenses, not the act out of which the offenses arose, must be examined.
 " '[T]he established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second.' "
Wright v. City of Montgomery, 477 So.2d 489, 490-91
(Ala.Crim.App. 1985) (citations omitted).
In applying the identity-of-offenses test to this case, we conclude that Wood's retrial did not place him in double jeopardy. The evidence necessary to sustain a conviction for theft by deception of $3,281.44 in currency would not be sufficient to sustain a conviction for theft by deception of a check, draft, or commercial instrument, the property of Trinity, and vice versa. Therefore, the trial court did not err by denying dismissal on the ground of double jeopardy.
 II.
Wood argues that the trial court erred by refusing to give certain requested jury charges. We agree. Wood's defense at trial was that he made the insurance claim in the honest belief that he was entitled to the money through his insurance policy with Trinity. In fact, Wood did not receive any of the insurance money; it was used entirely to pay for the repairs to his vehicle. Wood requested the following jury charges, which the trial court refused:[1]
 "DEFENDANT'S REQUESTED CHARGE TO THE JURY NO. 13
 "I charge you, Ladies and Gentlemen of the Jury, that to sustain the charge of theft of property in the first degree in this case, the State by the evidence must prove beyond a reasonable doubt each of the following elements of the offense:
 "1. That Defendant, Kenneth Houston Wood, knowingly obtained, by deception, control over property owned by the *Page 863 
Trinity Universal Insurance Company of Kansas, Inc.;
 "2. That he did so with intent to deprive the said owner of his property; and
 "3. That the property was of a value exceeding $1,000,00;
 "4. That the Defendant did not act in the honest belief that he had a claim to the property taken which he was entitled to assert in the manner which forms the basis for the charge against him and, if there is a reasonable doubt from a consideration of all the evidence that the State has failed to prove beyond a reasonable doubt each of the elements of the offense, then you must find the Defendant not guilty."
After Wood's attorney made the proper objections to the trial court's refusal, the trial court instructed the jury, in part, that "deception occurs when a person knowingly creates or confirms another's impression which is false and which defendant does not believe to be true." The State argues that this charge substantially covered Wood's requested charge concerning his "honest belief" and that the trial court therefore did not commit reversible error.
Code 1975, § 13A-8-12, provides:
 "(a) It is a defense to a prosecution under sections 13A-8-2 through 13A-8-11 (theft of property, theft of lost property, theft of services and unauthorized use of vehicle) that the actor honestly believed that he had a claim to the property or services involved which he was entitled to assert in the manner which forms the basis for the charge against him.
 "(b) The burden of injecting the issue of claim of right is on the defendant, but this does not shift the burden of proof."
(Emphasis added.) In this case, Wood was indicted under §13A-8-3, and the State was required to prove beyond a reasonable doubt that Wood, by making the insurance claim, specifically intended to deceive Trinity. Wood injected the defense that he honestly believed that he had a claim to the insurance money. The State was required to prove beyond a reasonable doubt that Wood, by making the insurance claim, specifically intended to deceive Trinity. We must conclude from the evidence that Wood was entitled to a jury charge incorporating the "honest belief" defense as set forth in §13A-8-12, supra. The jury should decide whether Wood did in fact honestly believe that he had claim to the insurance money. The trial court's charge failed to properly instruct the jury as to Wood's rights under § 13A-8-12, and we determine that this error probably injuriously affected Wood's substantial rights. See Rule 45, A.R.App.P.
Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] Wood argues that the trial court also erred by refusing requested jury charge number 22. However, we need only address requested jury charge number 13 to decide the issue.