TAYLOR, Presiding Judge.
The appellant, Troy Ray Rhodes, pleaded guilty to attempted possession of a controlled substance (cocaine), a violation of § 13A-12-203, Code of Alabama 1975. He was sentenced to 10 years in the state penitentiary.
The appellant testified during his guilty plea that he approached two undercover police officers and “asked for a 20,” which means he asked for $20 worth of cocaine. He testified that when the undercover officer showed him the substance he was offering, he told the officer that it was not “dope” and walked back to his truck. He was then arrested. The record indicates that the substance the undercover officers were attempting to sell was, in fact, not cocaine but instead was an imitation controlled substance.
The appellant raises two issues on appeal.
I
The appellant first contends that because it was factually and legally impossible for him to commit the crime of possession of a controlled substance under these circumstances, it was also factually and legally impossible for him to commit the crime of attempted possession of a controlled substance. The appellant asserts that if he had completed the transaction with the undercover officers, the only law he would have violated would have been § 20-2-143, Code of Alabama 1975, which prohibits the possession of an imitation controlled substance. The section under which the appellant was charged, § 13A-12-203, provides:
“(a) A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-2(a), and the crime attempted is a controlled substance crime.
“(b) The principles of liability and defenses for an attempt to commit controlled substance crime are the same as those specified in Sections 13A-4-2(b) through (c), and in Section 13A-4-5.
“(c) An attempt to commit a controlled substance crime shall be punished the same as the controlled substance crime attempted.”
The fact that the product the undercover officers were attempting to sell was not co *1290 caine but was instead an imitation does not prevent the prosecution of the appellant for attempted possession of a controlled substance. Section § 13A-4-2(b), Code of Alabama provides:
“(b) It is no defense under this section that the offense charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the defendant believed them to be.”
The appellant was correctly prosecuted for attempted possession of a controlled substance even though the product presented to him was not a controlled substance but an imitation. It is clear from the evidence that the appellant believed that he was attempting to purchase a controlled substance.
II
The appellant also contends that because he declined to purchase the offered substance, he voluntarily renounced his criminal intent and that therefore he could not be guilty of attempted possession of a controlled substance. The Code section governing attempt, 13A-4-2(c), Code of Alabama 1975, provides:
“(c) A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of this criminal intent, he avoided the commission of the offense attempted by abandoning his criminal effort and, if mere abandonment is insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof.”
However, the appellant’s actions had progressed too far to abandon his efforts to purchase a controlled substance. The fact that he did not actually purchase the substance does not establish evidence of renunciation. As this court stated in Chaney v. State, 417 So.2d 625, 627 (Ala.Cr.App.1982), quoting 54 A.L.R.3d 612, 633 (1973), “ ‘[i]f a man resolves on a criminal enterprise and proceeds so far in it that his act amounts to an indictable attempt, it does not cease to be such even though he voluntarily abandons the evil purpose.’ ”
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.