KELLUM, Judge.
 

 The appellant, James Alter Bigham, was convicted of domestic violence in the first degree, a violation of § 13A-6-130, Ala. Code 1975. The circuit court sentenced Bigham to 25 years’ imprisonment. In addition, it ordered Bigham to pay a $2,000 fine and $750 to the crime victims compensation fund.
 

 The evidence established that on September 29, 2005, Bigham and Pamela Walker had been in a dating relationship for five months and, at that time, were living together in Walker’s house. Walker testified that the pair had been experiencing problems in their relationship when Bigham wrote her a letter seeking to end the relationship. Walker also wanted to end the relationship. Walker testified that she subsequently gathered Bigham’s clothes and put them inside by the front door for Bigham to pick up. Walker then left her house and did not return until 11:00 p.m. that same evening in order to avoid a confrontation with Bigham.
 

 Walker testified that after she put her children to bed and while she was ironing clothes, Bigham entered her house and asked her why his clothes were by the door. According to Walker, Bigham questioned why she did not want to be with him and then proceeded to hit her; she hit him back. Walker and Bigham fought for awhile, and eventually Bigham left the room to go to the bathroom. Walker testified that when Bigham returned he complained that she had “marked” his face and told her that he did not “like for nobody to put marks on him.” Walker testified that there was a scratch on Bigham’s face. Walker testified that Bigham then pushed her on the couch, pinned her down so that her arms were secured under his legs, and “put the iron” to her chest. Walker testified that as Bigham pressed the hot iron to her flesh her skin came off. Walker testified that she begged Bigham to stop, but he repeatedly pressed the hot iron against her skin. Pictures depicting burn wounds on Walker’s chest were admitted into evidence at trial. Walker testified that she drove herself to the hospital for medical
 
 *1176
 
 treatment. Walker remained at the hospital for three hours and was released.
 

 Bigham testified that Walker scratched his “whole face up.” According to Bigham, when he returned from looking at his face in the bathroom, Walker threatened to burn him with the iron. Bigham testified that he yanked the iron out of her hand and accidentally “touched” the iron to Walker’s chest. Bigham denied pinning Walker down. Bigham denied that he repeatedly pressed the hot iron to Walker’s chest.
 

 On appeal, Bigham contends that a fatal variance existed between the allegations in the indictment and the
 
 evidence
 
 presented at trial because, he said, the evidence presented at trial did not establish that he recklessly engaged in conduct that created a grave risk of death to another person as was charged in the indictment. The State contends that the issue is not preserved for review on appeal. However, our review of the record indicates that defense counsel presented this issue to the circuit court during the course of the trial and again in a timely filed motion for new trial. Therefore, we will consider this issue.
 

 A copy of the indictment in the record on appeal provides, in its entirety, as follows:
 

 “The Grand Jury of said county charge that, before the finding of this indictment, JAMES ALTER BIGHAM whose name is otherwise unknown to the Grand Jury, did commit the crime of Assault 1st Degree (Section 13A-6-20 Code of Alabama) under circumstances manifesting extreme indifference to the value of human life, he recklessly engaged in conduct which creates a grave risk of death to another person, to-wit: [] WALKER, and thereby causes serious physical injury to another person, to wit: [ ] WALKER, with the victim being a current or former spouse, parent, child, a person with whom he had a dating relationship, in violation of [§ J13A-6-130 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
 

 Section 13A-6-130, Ala.Code 1975, defines the criminal offense of domestic violence in the first degree as follows:
 

 “A person commits the crime of domestic violence in the first degree if the person commits the crime of assault in the first degree pursuant to § 13A-6-20, and the victim is ... a person who has or had a dating or engagement relationship with the defendant.”
 

 Section 13A-6-20, Ala.Code 1975, defines assault in the first degree, in pertinent part, as follows:
 

 “(a) A person commits the crime of assault in the first degree if:
 

 “(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
 

 “(2) With intent to disfigure another person seriously and permanently, or to destroy or amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or
 

 “(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury .... ”
 

 Section 13A-1-2(14), Ala.Code 1975, defines “serious physical injury” as a “[p]hysical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, [or] protracted impairment of health .... ”
 

 
 *1177
 
 A fatal variance between allegations in an indictment and proof of those allegations presented at trial exists when the State fails to adduce any proof of a material allegation of the indictment or where the only proof adduced is contrary to a material allegation in the indictment.
 
 Johnson v. State,
 
 584 So.2d 881, 884 (Ala.Crim.App.1991). “Alabama law requires a
 
 material
 
 variance between the indictment and the proof adduced at trial before a conviction will be overturned.
 
 Ex parte Collins,
 
 385 So.2d 1005 (Ala.1980).”
 
 Brown v. State,
 
 588 So.2d 551, 558 (Ala.Crim.App.1991).
 

 The indictment in the instant case charged that Bigham committed assault in the first degree by recklessly engaging in conduct that created a grave risk of death to another person. The particular charge in the indictment falls under subsection (a)(3) of the definition of assault in the first degree found in § 13A-6-20. The indictment tracks subsection § 13A-6-20(a)(3), which provides, in pertinent part, that a person commits assault in the first degree if “he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury.”
 

 The charge in the indictment required the State to present sufficient evidence that Bigham created a grave risk of death to Walker, thereby causing her serious physical injury. The evidence presented at trial established that Bigham repeatedly pressed a hot iron to Walker’s chest. As a result of Bigham’s actions, Walker sustained burns to her chest that required medical treatment and resulted in the disfigurement of her chest. Walker sought medical treatment at a local hospital and was released from treatment after three hours. Thus, the State presented sufficient evidence that Walker sustained a serious physical injury as that term is defined in § 13A-1-2(14), Ala.Code 1975. However, the State did not present sufficient evidence that Bigham’s actions, albeit horrific, created a grave risk of death to Walker.
 

 We note that Rule 13.5, Ala. R.Crim. P., allows for the amendment of an indictment if the defendant consents, with two exceptions — the State may not change the charged offense and the State may not charge a new offense not contemplated by the original indictment. In addition to a formal amendment, an indictment can be informally amended by the circuit court when charging the jury. A circuit court may effectively amend an indictment by instructing the jury on charges other than those stated in the indictment.
 
 Wright v. State,
 
 902 So.2d 720 (Ala.Crim.App.2004);
 
 Ash v. State,
 
 843 So.2d 213 (Ala.2002), overruled on other grounds by
 
 Ex parte Seymour,
 
 946 So.2d 536 (Ala.2006). Thus, in the instant case, the circuit court could have amended the indictment by charging the jury under subsections (a)(1) or (a)(2) of § 13A-6-20, Ala. Code 1975.
 

 However, the circuit court did not do that here. The jury instructions given by the circuit court in the instant case followed the charges in the indictment. The circuit court charged the jury on the elements of assault in the first degree as defined by § 13A-6-20(a)(3). The court gave the following instruction:
 

 “A person commits the crime of assault in the first degree if he causes serious physical injury to another person while recklessly engaging in conduct which creates a grave risk of death to another person ....
 

 “To convict, the State must prove three elements.
 

 “Assault in the first degree. Number one, that the defendant caused serious
 
 *1178
 
 physical injury to any person; namely, in this case, Ms. Walker, the victim.
 

 “Number two, that the defendant was recklessly engaging in conduct which created a grave risk of death.
 

 “And number three, the defendant was acting under circumstances manifesting extreme indifference to human life.”
 

 (R. 58-59.) Because the circuit court instructed the jury solely based on the charge set forth in the indictment, it did not effectively amend the indictment.
 

 Because a fatal variance existed between the allegations in the indictment and the evidence presented at trial, we must reverse Bigham’s conviction and sentence. We note, however, the State may reindict Bigham under another subsection of § 13A-6-20, Ala.Code 1975, without violating the principles of double jeopardy. See generally
 
 Ex parte Wood,
 
 564 So.2d 860 (Ala.1990);
 
 Allen v. State,
 
 472 So.2d 1122 (Ala.Crim.App.1985).
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.