STUART, Justice.
We granted the State’s petition for a writ of certiorari to determine an issue of first impression: whether in the 21st century an indictment that charges theft of funds in a certain dollar amount, in violation of § 13A-8-3, Ala.Code 1975, but does not designate the medium of exchange[1] of those funds is legally sufficient.

Facts and Procedural History

Mitchell Roffler and Michelle Roffler operated a furniture store, Gulf Coast Furniture, in Mobile. The Rofflers offered customers the option of purchasing furniture through a layaway plan. A customer participating in the layaway plan made month *227 ly payments toward his or her furniture purchase without having to formally apply for new credit. The Rofflers accepted layaway payments in cash, check, two-party check, third-party check, credit-card transaction, and debit-card transaction. When a customer had paid the total purchase price of the furniture that had been placed on layaway, the Rofflers would deliver the furniture to the customer within a reasonable time.
On January 6, 2006, the City of Mobile padlocked the doors of Gulf Coast Furniture because, it said, the Rofflers had failed to pay city sales taxes. At that time, the Rofflers had several active layaway accounts at the furniture store. When some of the layaway customers attempted to inquire about their accounts and/or their furniture, they learned that the Rofflers could not be located. A criminal investigation was commenced, and, on November 6, 2006, a Mobile County grand jury issued an indictment charging Mitchell Roffler with 23 counts of theft. Each count represented a layaway customer to whom the indictment asserted Roffler owed either money or furniture, and each count read substantially the same except for the name of the property owner and the monetary amount. For example, count one of the indictment read:
“The Grand Jury of said County charge[s] that, before the finding of this indictment, MITCHELL ROFFLER, whose name is otherwise unknown to the Grand Jury, did knowingly obtain or exert unauthorized control over the property of another, with intent to deprive the owner thereof, to wit: six thousand dollars ($6,000.00) the property of Randy Garner, in violation of § 13A-8-3 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
A similar indictment was issued against Michelle Roffler. On January 14, 2007, the Rofflers appeared in the Mobile Circuit Court to enter pleas of not guilty. The cases against the Rofflers were consolidated. During preliminary matters before the trial, the State dismissed 8 of the 23 counts in each of the indictments because the complaining witnesses failed to appear in court. The Rofflers moved to dismiss the other 15 counts in each of the indictments, arguing that the indictments failed to charge offenses because the counts did not specify the medium of exchange of the monetary amounts allegedly stolen. Specifically, they faulted the language in the counts for failing to specify the means by which the Rofflers had received the funds. According to the Rof-flers, the language in each count did not provide them with adequate notice of the State’s charge so as to allow them to adequately prepare a defense and to avoid the risk of double jeopardy. The trial court dismissed the indictments with prejudice, holding that the indictments were legally insufficient because each count did not state the medium of exchange of the funds allegedly stolen.[2] In reaching its conclusion, the trial court relied on Shubert v. State, 488 So.2d 44 (Ala.Crim.App.1986), which held that an indictment charging the theft of $10,000 was legally insufficient because it failed to identify “whether the defendants were charged with stealing United States currency, a check, or coal.” 488 So.2d at 47. The State appealed the dismissal of the indictments.
On August 7, 2009, the Court of Criminal Appeals, in an unpublished memorandum, affirmed the trial court’s dismissal of *228 the indictments. State v. Roffler, 69 So.3d 222 (Ala.Crim.App.2009). The State petitioned this Court for certiorari review of the Court of Criminal Appeals’ decision. We granted the writ; we now reverse and remand.

Standard of Review

The legal sufficiency of an indictment is reviewed de novo. Eskridge v. State, 709 So.2d 1348, 1350 (Ala.Crim.App. 1997).

Discussion

The State presents an issue of first impression: whether in the 21st century an indictment charging the offense of theft of a certain dollar amount of funds in violation of the statutory provisions defining the offenses of theft, see § 13A-8-1 et seq., Ala.Code 1975, is legally sufficient if it identifies the dollar amount of the funds allegedly taken but does not identify the medium of exchange of those funds. In 1986, the Court of Criminal Appeals held:
“[T]he indictment in this ease was ‘bad’ because it merely alleged the theft of ‘to-wit: $10,000.00, the property of to-wit: THOMAS BURKE’ without further description of the property taken.
“‘The indictment in this case is bad. It should have averred the number and denomination of the coins, or of some of them, or that the same were to the grand jury unknown. Such have been the rulings of this court; and, as this requirement is both reasonable and easily conformed to, we are unwilling to depart from it. State v. Murphy, 6 Ala. 845 [ (1844) ]; DuBois v. State, 50 Ala. 139 [ (1874) ]; Grant v. State, 55 Ala. 201 [ (1876) ]; Whart. Crim. Pl. § 218.’ Burney v. State, 87 Ala. 80, 6 So. 391, 392 (1889) (two-count indictment describing property as ‘two hundred dollars in gold coin of the United States’ and ‘two hundred dollars’).
“Reed v. State, 88 Ala. 36, 6 So. 840 (1889) (indictment charging theft of ‘three dollars and sixty cents in money of the United States of America’ is ‘defective and insufficient in not stating the number and denomination’); Grant v. State, 55 Ala. 201, 208 (1876) (‘The indictment [for larceny] must also, state the kind and description of the goods stolen. If the larceny is of coin, the number and denomination must be stated.... When the species and denomination of the coin are unknown to the grand jury, the fact may be averred, and a general description, as so many dollars in gold, or in silver coin, will be sufficient.’); Croker v. State, 47 Ala. 53, 57 (1872) (The description of money in the indictment as ‘ten dollars in money of United States currency’ was ‘too indefinite. The term “currency,” when applied to the medium of trade, means equally coin, bank notes, or notes issued by the government.’); State v. Murphy, 6 Ala. 845, 851 (1844) (‘[T]he law requires the denomination and number of coin to be stated in the indictment.’). See also Levy v. State, 79 Ala. 259 (1885); Edwards v. State, 379 So.2d 336 (Ala.Cr.App.1979), cert. denied, Ex parte Edwards, 379 So.2d 339 (Ala.1980). This specific principle is expressly noted in § 15-8-5, [Ala.Code 1975,] which directs that “words used in an indictment must be construed in their usual acceptation in common language.’ See Wilkerson v. State, 23 Ala.App. 520, 128 So. 777 (1930).
“The proper form for an indictment for theft by deception under § 13A-8-3 is found in the Indictment and Warrant Manual prepared by the Alabama Law Institute and the Alabama Office of Prosecution Services at pp. 8-1 and 8- *229 1(a). Although there are two alternative forms provided for a charge of theft by deception, each of those alternatives begins, ‘A.B. did knowingly obtain, by deception, control over (description of property), ...’ Every indictment form for theft of property contains the same ‘(description of property)’ requirement.
“ ‘Obviously, a check is not money,’ and in an indictment, an allegation of conversion of money will not cover a conversion of a check. Carr v. State, 104 Ala. 43, 16 So. 155, 160 (1894). See also United States v. Fernando, 745 F.2d 1328, 1330 (10th Cir.1984) (‘[S]tate courts have interpreted “money” ... as not including checks.’). ‘The word “dollars” imparts to the common understanding, the meaning of a thing of value,’ and the indictment must ‘designate the kind of dollars stolen.’ Leonard v. State, 115 Ala. 80, 22 So. 564, 565 (1897). ‘A check is a written order, or request, for the payment of money, addressed to a bank or banker.’ Thompson v. State, 49 Ala. 16, 18 (1873). ‘A check is essentially commercial paper, possessing the attributes of a contract, and certain characteristics of property, and it is equivalent to a promise to pay upon the part of the drawer. It is executory in its nature.’ Scott v. State, 33 Ala.App. 328, 330, 33 So.2d 390 (1948). ‘A check is a contract.’ Gooch v. State, 249 Ala. 477, 479, 31 So.2d 776 (1947).
“The indictment used a ‘dollar sign’ in describing the property, which is ‘[t]he symbol ($) for a dollar or dollars when placed before a numeral.’ The American Heritage Dictionary of the English Language 389 (1969); Webster’s Third New International Dictionary 670 (1971). A ‘dollar’ is ‘[t]he basic monetary unit of the United States, Australia, Canada, Ethiopia, Guyana, Liberia, Malaysia, New Zealand, Trinidad and Tobago, Western Samoa, and of Hong Kong and Singapore, equal to 100 cents,’ with the rates of exchange and equivalence in U.S. dollars differing. American Heritage 389. A ‘dollar’ is ‘1: an old German taler coin 2: any one of a number of coins of various countries patterned after the taler: ... 3a: the basic monetary unit of the U.S. serving as a medium standard, or basis of foreign exchange.... ’ Webster’s 669.
“It is fundamental that an indictment ‘must state the facts constituting the offense in ordinary and concise language, ... in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.’ Alabama Code 1975, § 15-8-25. ‘Indictments cannot be aided by intendment, but must positively and explicitly state what the prisoner is called upon to answer.’ State v. Seay, 3 Stew. 123, 130-31 (Ala.1830).
“From the indictment in this case, it cannot be ascertained whether the defendants were charged with stealing United States currency, a check, or coal.”
Shubert v. State, 488 So.2d at 46-47.
In reaching its conclusion in Shubert, the Court of Criminal Appeals relied upon precedent applicable to the description of property taken in an indictment charging a common-law theft, which included larceny, embezzlement, and false pretenses, and applied that precedent to the description of property taken when charging theft of property, an offense defined in § 13A-8-1 et seq., Ala.Code 1975. In an indictment charging common-law theft of a certain dollar amount of funds, the medium of exchange when describing the property taken was material because the medium of exchange determined the value of the *230 funds taken. For example, in 1844, the value of five gold coins did not equal the value of five silver coins; therefore, in 1844, to adequately describe the property in an indictment charging common-law theft of an amount of funds the medium of exchange had to be described to determine the value of the funds taken. See State v. Murphy, 6 Ala. 845, 851 (1844) (requiring that the denomination and number of coins be specified in the indictment). Hence, when pleading common-law theft of a certain amount of funds, describing the medium of exchange was material, and, if the indictment did not include the medium of exchange, the indictment was legally insufficient.
In the 21st century, however, the various mediums of exchange represent the same standard of value for the dollar. The medium of exchange involved — whether cash, check, debit-card transaction, credit-card transaction, electronic funds, etc. — does not determine the value of the amount of funds. Whether the dollar amount is in the form of cash, check, multiple-party check, credit-card transaction, debit-card transaction, or electronic funds, businesses, banks, and financial institutions recognize that the dollar has a standard value; consequently, the medium of exchange does not determine the value of a monetary amount. This acceptance of the various mediums of exchange as interchangeable and representing equivalent values for the dollar makes describing the medium of exchange immaterial when describing the funds over which a defendant allegedly has exercised unauthorized control. The material concern is the monetary amount. Therefore, we conclude that an indictment charging the offense of theft of a certain monetary amount, in violation of one of the provisions of § 13A-8-1 et seq., Ala.Code 1975, but that does not identify the medium of exchange is legally sufficient. Section 15-8-25, Ala.Code 1975, provides:
“An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the judgment.”
See also Rule 13.2, Ala. R.Crim. P. (providing that an indictment “shall be a plain concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with a degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment”). It is unreasonable to conclude that in the 21st century a defendant charged in an indictment with exercising unauthorized control over a certain monetary amount would not know what is intended or that a court could not pronounce judgment on conviction for theft of said amount, if the medium of exchange is not designated. Therefore, we hold that the requirements of § 15-8-25, Ala.Code 1975, are satisfied even if the indictment stating the monetary amount over which the defendant is allegedly exerting unauthorized control does not identify the medium of exchange. Identification of the monetary amount alone provides the defendant adequate notice of the theft to prepare his or her defense and to avoid double jeopardy.
Moreover, we cannot conclude that a defendant is substantially prejudiced if an indictment charging theft of a certain monetary amount in violation of § 13A-8-1 et seq., Ala.Code 1975, does not include the medium of exchange of those funds. Section 15-8-4, Ala.Code 1975, provides:
*231 “An indictment must not be held insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial.”
See also Rule 13.5(c)(2), Ala. R.Crim. P. (stating that “[n]o charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits”). Again, the general acceptance of the various mediums of exchange as having the same monetary value negates any finding of prejudice to the substantial rights of a defendant in this regard. However, to safeguard a defendant, the Alabama Rules of Criminal Procedure provide a means for the defendant to request that the State provide a more definite statement of the offense. See Rule 13.2(3), Ala. R.Crim. P. (providing that a defendant may move for a more definite statement of the offense charged before the entry of a plea).
In this case, the indictments charging the Rofflers with theft were sufficient (1) to identify the charge — theft of a certain monetary amount from an identified individual, (2) to enable the Rofflers to prepare their defense, (3) to protect them against the possibility of being twice put in jeopardy for the same offense, and (4) to enable the court, after conviction, to pronounce judgment. Designation of the monetary amount allegedly taken and from whom it was taken placed the Rofflers on notice as to the exact charge so that they could prepare a knowing and adequate defense. In Ex parte Harper, 594 So.2d 1181, 1183 (Ala.1991), we stated:
“The crucial question, of course, is whether the indictment sufficiently apprises the accused with reasonable certainty of the nature of the accusation made against him so that he may prepare his defense, that he may be protected against a subsequent prosecution for the same offense.”
We conclude that the indictments in this case did. Here, the State will be required to prove that the Rofflers “knowingly obtained or exerted unauthorized control over a certain monetary amount belonging to a designated individual and that [the Rofflers] intended to deprive that individual of those funds.” Thus, the language in the indictments specified the facts the State will have to prove to sustain a conviction; the indictments are legally sufficient.

Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
STUART, J., concurs specially.
COBB, C.J., concurs in the result in part and dissents in part.

. A "medium of exchange” is defined as "something commonly accepted in exchange for goods and services and recognized as representing a standard of value.” Merriam-Webster's Collegiate Dictionary 771 (11th ed.2003).

. The trial court also held that a fatal variance existed between the indictments and the evidence proffered by the State.