On Remand from the Alabama Supreme Court.
 

 WELCH, Presiding Judge.
 

 The State of Alabama appealed from the circuit court’s dismissal of the 28-count indictment against Mitchell Roffler and the separate 23-count indictment against Michelle Roffler. The indictments charged the Rofflers with theft of property, and the Rofflers had argued that the indictments failed to sufficiently describe the property taken because they failed to designate whether the funds taken had been in the form of cash, check, credit-card transaction, or debit-card transaction. The circuit court agreed that the language of the indictments failed to provide the Rofflers with adequate notice of the State’s charges because the charges failed to specify the means by which the Rofflers had received the funds. This Court affirmed the circuit court’s judgment.
 
 State v. Roffler,
 
 69 So.3d 222 (Ala.Crim.App.2009). The State of Alabama petitioned the Alabama Supreme Court for certiorari review. On December 22, 2010, the Alabama Supreme Court held:
 

 “[T]hat the requirements of § 15-8-25, Ala.Code 1975, are satisfied even if the indictment stating the monetary amount over which the defendant is allegedly exerting unauthorized control does not identify the medium of exchange. Identification of the monetary amount alone provides the defendant adequate notice of the theft to prepare his or her defense and to avoid double jeopardy.”
 

 
 *234
 

 State v. Roffler,
 
 69 So.3d 225, 230 (Ala. 2010).
 

 Thus, the Supreme Court determined that the indictments were legally sufficient, and it reversed this Court’s judgment and remanded this case for further proceedings. Therefore, in accordance with the directions of the Alabama Supreme Court, we now reverse the circuit court’s judgment dismissing the indictments against the Rofflers, and we remand the case to the circuit court for further proceedings.
 

 REVERSED AND REMANDED.
 

 WINDOM and KELLUM, JJ., concur.